The STATE of Ohio, Appellant,

v.

COBURN et al., Appellees.

[Cite as State v. Coburn, 176 Ohio App.3d 600, 2008-Ohio-371.]

Court of Appeals of Ohio,
Sixth District, Erie County.

Nos. E–07–049, E–07–050 and E–07–051.

Decided Feb. 1, 2008.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski and Trevor Hayberger, Assistant Prosecuting Attorneys, for appellant.

John R. Climaco and Terri A. Lightner, for appellees.

SINGER, Judge.

{¶ 1} In this consolidated appeal, appellant, the state of Ohio, appeals from a decision of the Erie County Court, Milan, Ohio, dismissing the charges of unlawful taking of migratory game birds against appellees, William Coburn, Todd Parkinson, and Marvin Coburn. For the reasons that follow, we reverse.

{¶ 2} On October 23, 2006, Erie County Wildlife Officer, Jared R. Abele, filed three separate, identical complaints against each of the appellees. According to the complaints, Abele witnessed appellees hunting mourning doves on William Coburn's property on September 1, 2006. Abele approached appellees to check on the validity of their hunting licenses and their bag-limit compliance. While doing so, Abele noticed wheat seed in piles and scattered along the ground where appellees were hunting. As a result, Able charged each of the appellees with violating R.C. 1531.02 and Ohio Adm.Code 1501:31–7–02(A)(9), which states:

{¶ 3} "(A) It shall be unlawful to hunt or take migratory game birds:

{¶ 4} "* * *

{¶ 5} "(9) By the aid of baiting or on or over any baited area."

{¶ 6} Ohio Adm.Code 1501:31–1–02(VV) defines baiting as:

{¶ 7} "[T]he placing, exposing, depositing, distributing, or scattering of shelled, shucked, or unshelled corn, wheat or other grain, salt or other feed so as to constitute for such wild turkeys, mourning doves or migratory birds, a lure, attraction or enticement to, on or over any area where hunters are attempting to take them."

{¶ 8} On December 4, 2006, appellees filed motions to dismiss their charges. In their motions to dismiss, appellees argued that Officer Abele unlawfully entered William Coburn's private property without good cause to believe that a law was being violated. On July 20, 2007, the trial court granted appellees' motions. The state of Ohio now appeals, setting forth the following assignment of error:

{¶ 9} "I. Whether the trial court erred in granting the dismissal of the case when the court held, contrary to Ohio Rev.Code Ann. 1531.14, that a wildlife officer must demonstrate good cause in order to enter private lands to check for hunting licenses and bag limits."

{¶ 10} Our standard of review is whether the trial court erred as a matter of law in determining that the state's complaint did not allege facts constituting a crime under Ohio law. *N. Olmsted v. Bullington* (2000), 139 Ohio App.3d 565, 744 N.E.2d 1225.

{¶ 11} The state contends that Abele lawfully entered William Coburn's land. In support, the state cites R.C. 1531.14, which states:

{¶ 12} "Any person regularly employed by the division of wildlife for the purpose of conducting research and investigation of game or fish or their habitat conditions or engaged in restocking game or fish or in any type of work involved in or incident to game or fish restoration projects or in the enforcement of laws or division rules relating to game or fish, or in the enforcement of section 1531.29 or 3767.32 of the Revised Code, other laws prohibiting the dumping of refuse in or along streams, or watercraft laws, while in the normal, lawful, and peaceful pursuit of such investigation, work, or enforcement may enter upon, cross over, be upon, and remain upon privately owned lands for such purposes and shall not be subject to arrest for trespass while so engaged or for such cause thereafter."

{¶ 13} In granting appellees' motions to dismiss, the trial court relied on R.C. 1531.13, which states, "Any regularly employed salaried wildlife officer may enter any private lands or waters if the wildlife officer has good cause to believe and does believe that a law is being violated." The court stated:

{¶ 14} "There is absolutely no factual evidence before this court to suggest that the checking of licenses and/or bag limits was anything but routine. This court must apply the plain meaning of 'good cause' as contained in Ohio Revised Code Section 1531.13 to mean that the legislature intended that wildlife officers not have the unfettered right of intrusion upon private property unless 'good cause' exists."

{¶ 15} In this case, Abele saw appellees hunting and then he entered the property to check their licenses and bags. Once he saw people hunting, R.C. 1531.14 gave him the authority to enter the land in pursuit of his duties, one of which is to ensure that people are hunting lawfully. R.C. 1531.13. We disagree with the trial court that R.C. 1531.14 gives wildlife officers "unfettered" access to private property. Nothing in our decision today should be read to say that wildlife officers can enter private property at any time for any reason. What is important for purposes of this case is that Abele first saw appellees hunting and then he entered the property. Accordingly, we find that the trial court erred in ignoring the authority granted to Able pursuant to R.C. 1531.14. The state's sole assignment of error is found well taken.

{¶ 16} On consideration whereof, the judgment of the Erie County Court, Milan, Ohio, is reversed, and this matter is remanded to the trial court for further proceedings.

Judgment reversed
and cause remanded.

PIETRYKOWSKI, P.J., and HANDWORK, J., concur.